UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
Pedro Padilla § Case No. 13-27737
Maria Socorro Bibian §
§
§
_____Debtor(s)_____§

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on        . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                  $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]            $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joji Takada, Chapter 7 Trustee_____
                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-27737 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Pedro Padilla | | | | Date Filed (f) or Converted (c): | 07/10/2013 (f) |
| | Maria Socorro Bibian | | | | 341(a) Meeting Date: | 08/06/2013 |
| For Period Ending: | 07/31/2014 | | | | Claims Bar Date: | 12/04/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Property At 306 Comstock St., Joliet, Il 60436 | 55,900.00 | 0.00 | OA | 0.00 | FA |
| 2. Residence At 2301 Misty Creek Trail, Bolingbrook, Il 60490 | 265,002.00 | 0.00 | | 0.00 | FA |
| 3. Cash On Hand. | 100.00 | 0.00 | | 0.00 | FA |
| 4. Fifth Third Bank Checking Account | 500.00 | 0.00 | | 0.00 | FA |
| 5. Household Goods And Furnishings. | 500.00 | 0.00 | | 0.00 | FA |
| 6. Wearing Apparel. | 600.00 | 0.00 | | 0.00 | FA |
| 7. State Farm Term Life Insurance Policy. No Cash Value. | 0.00 | 0.00 | | 0.00 | FA |
| 8. Wyndham Hotels 401 K Loans Against In The Amount Of $7072.1 | 46,793.43 | 0.00 | | 0.00 | FA |
| 9. 2003 Honda Accord | 1,700.00 | 0.00 | | 0.00 | FA |
| 10. 2003 Mitsubishi Galant 1/2 Interest With Daughter Fmv $100 | 500.00 | 0.00 | | 0.00 | FA |
| 11. 2007 Honda Ridgeline | 9,500.00 | 0.00 | | 0.00 | FA |
| 12. Rent Income (u) | 0.00 | 0.00 | | 6,780.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $381,095.43    $0.00    $6,780.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor had rental property that was occupied by tenant; Debtor was not making payments on mortgage and was using rents for living expenses; Tenant instructed to pay rents to Trustee; Trustee currently receiving rental payments.

Telephone conference with accountant R. Matsui; No tax returns needed for this case - Joji Takada 5/22/2014

Initial Projected Date of Final Report (TFR): 07/10/2014    Current Projected Date of Final Report (TFR): 06/30/2014

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | | |
|---|---|---|
| Case No: 13-27737 | Trustee Name: | Joji Takada, Chapter 7 Trustee |
| Case Name: Pedro Padilla | Bank Name: | The Bank of New York Mellon |
| Maria Socorro Bibian | Account Number/CD#: | XXXXXX8040 |
| | | Checking |
| Taxpayer ID No: XX-XXX0421 | Blanket Bond (per case limit): | |
| For Period Ending: 07/31/2014 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/10/13 | 12 | Pedro Padilla | Post Petition Rent Proceeds | 1222-000 | $860.00 | | $860.00 |
| 10/10/13 | 12 | Irma Santos | Post Petition Rent Proceeds | 1222-000 | $860.00 | | $1,720.00 |
| 10/10/13 | 12 | Irma Santos | Post Petition Rent Proceeds | 1222-000 | $860.00 | | $2,580.00 |
| 11/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $2,570.00 |
| 12/06/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $2,560.00 |
| 12/16/13 | 12 | Irma Scott | Accounts Receivable | 1222-000 | $860.00 | | $3,420.00 |
| 01/06/14 | 12 | Irma Santos | Post Petition Rent Proceeds | 1222-000 | $860.00 | | $4,280.00 |
| 01/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,270.00 |
| 02/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,260.00 |
| 02/11/14 | 12 | Irma Santos | Post Petition Rent Proceeds | 1222-000 | $760.00 | | $5,020.00 |
| 02/11/14 | 12 | Irma Santos | Post Petition Rent Proceeds | 1222-000 | $860.00 | | $5,880.00 |
| 03/05/14 | 12 | Irma Santos | Post Petition Rent Proceeds | 1222-000 | $860.00 | | $6,740.00 |
| 03/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,730.00 |
| 04/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,720.00 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,710.00 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $6,780.00 | $70.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $6,780.00 | $70.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $6,780.00 | $70.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals: $6,780.00  $70.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8040 - Checking | $6,780.00 | $70.00 | $6,710.00 |
|  | $6,780.00 | $70.00 | $6,710.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $6,780.00 |
| Total Gross Receipts: | $6,780.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-27737  
Debtor Name: Pedro Padilla  
Claims Bar Date: 12/4/2013  

Date: July 31, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,428.00 | $1,428.00 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $920.00 | $920.00 |
| 2 280 5800 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, Pa 19101-7346 | Priority | | $334.47 | $1,804.18 | $1,804.18 |
| 1 300 7100 | DISCOVER BANK<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $9,461.00 | $10,988.46 | $10,988.46 |
| 3 300 7100 | Collecto Us Asset Managemnt, Inc.<br>C O Jefferson Capital Systems Llc<br>Po Box 7999<br>Saint Cloud Mn 56302-9617<br>Orig By: At&T Mobility | Unsecured | | $345.00 | $345.56 | $345.56 |
| 4 300 7100 | Cavalry Spv I, Llc<br>Assignee Of Hsbc Bank Nevada Na<br>Capital One Usa Na<br>500 Summit Lake Drive, Ste 400<br>Valhalla, Ny 10595 | Unsecured | | $396.00 | $431.96 | $431.96 |
| 5 300 7100 | American Infosource Lp As Agent For<br>Presence Health<br>Po Box 248838<br>Oklahoma City, Ok 73124-8838 | Unsecured | | $0.00 | $347.56 | $347.56 |
| 6 300 7100 | Quantum3 Group Llc As Agent For<br>Quantum3 Funding Llc<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $1,889.00 | $1,889.00 |
| 7 300 7100 | American Infosource Lp As Agent For<br>T Mobile/T-Mobile Usa Inc<br>Po Box 248848<br>Oklahoma City, Ok 73124-8848 | Unsecured | | $1,173.00 | $1,264.52 | $1,264.52 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-27737  
Debtor Name: Pedro Padilla  
Claims Bar Date: 12/4/2013  

Date: July 31, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 8 300 7100 | American Infosource Lp As Agent For T Mobile/T-Mobile Usa Inc Po Box 248848 Oklahoma City, Ok 73124-8848 | Unsecured | | $345.00 | $710.08 | $710.08 |
| 9 300 7100 | Dr. Ahsan & Assoc. C/O Collection Professionals Inc. P.O. Box 416 Lasalle, Il 61301 | Unsecured | | $478.00 | $738.13 | $738.13 |
| 10 300 7100 | American Infosource Lp As Agent For Directv, Llc Mail Station N387 2230 E Imperial Hwy El Segundo, Ca 90245 | Unsecured | | $302.00 | $659.64 | $659.64 |
| | Case Totals | | | $12,834.47 | $21,527.09 | $21,527.09 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 13-27737
Case Name: Pedro Padilla
           Maria Socorro Bibian
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                                $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $            must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Internal Revenue Service | $ | $ | $ |

Total to be paid to priority creditors $_____

Remaining Balance $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ | $ | $ |
| 3 | Collecto Us Asset Managemnt, Inc. | $ | $ | $ |
| 4 | Cavalry Spv I, Llc | $ | $ | $ |
| 5 | American Infosource Lp As Agent For | $ | $ | $ |
| 6 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 7 | American Infosource Lp As Agent For | $ | $ | $ |
| 8 | American Infosource Lp As Agent For | $ | $ | $ |
| 9 | Dr. Ahsan & Assoc. | $ | $ | $ |
| 10 | American Infosource Lp As Agent For | $ | $ | $ |

Total to be paid to timely general unsecured creditors $_____

Remaining Balance $_____

      Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE